IN THE CASE OF


UNITED STATES, Appellee

v.

Harry M. SCHMIDT, Major
U.S. Air Force, Appellant

No. 04-8016

Crim. App. No. 2004-01


United States Court of Appeals for the Armed Forces


Decided June 7, 2004


<u>Counsel</u>


For Appellee:  <u>Colonel LeEllen Coacher</u>  and <u>Major James K. Floyd</u>
     (on brief).


For Appellant:  <u>Charles W. Gittins</u> <u>Lieutenant Clayton W.</u>
     <u>Moushon</u>, <u>Major Andrea M. Gormel</u>, and <u>Major James E. Key</u> (on
     brief).



Military Judge:  Mary M. Boone



<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION</u>.

United States v. Schmidt, No. 04-8016/AF

PER CURIAM:

This appeal is from the denial by the United States Air Force Court of Criminal Appeals of Appellant's petition for extraordinary relief in the nature of a writ of mandamus. See Schmidt v. Boone, 59 M.J. 841 (A.F. Ct. Crim. App. 2004). Appellant, who currently holds a security clearance, wishes to discuss with his civilian defense counsel certain classified information for purposes of preparing his defense at a pending court-martial. The information at issue in this appeal was made available to Appellant by the Government in the course of Appellant's performance of his military duties. This appeal does not involve a request for pretrial discovery.

The Government denied civilian defense counsel's request to be processed for a security clearance. Id. at 845. The Government further informed Appellant that civilian counsel would be provided "access" to classified information only pursuant to a specific procedure:

> Identify in an e-mail message to me . . . the exact materials to which you think the civilian counsel needs access (citing paragraph or chapter, AFI or other publication number and, MOST IMPORTANTLY, identifying the original classification authority – the "owner/originator of the classified material"). . . . . Your request must also contain a full justification of why the civilian counsel needs to be granted access to the additional classified materials.

At trial, Appellant filed a motion for appropriate relief from the refusal to process civilian defense counsel for a

2

security clearance. The military judge denied the motion, and the Court of Criminal Appeals affirmed that ruling. Id. at 845, 858.

Appellant sought review in this Court of the decision by the Court of Criminal Appeals. While the appeal was pending, civilian defense counsel obtained an interim security clearance in his capacity as a Marine Corps reserve officer. The Air Force has agreed to honor that clearance for purposes of the present court-martial. See Exec. Order No. 12968, 60 Fed. Reg. 40245 (Aug. 2, 1995). As a result, that part of the present appeal relating to the request for a security clearance is moot. The remaining aspect of the appeal concerns the determination by the court below that Appellant may not discuss information with civilian defense counsel who possesses a security clearance without first obtaining approval to do so by submitting a request through the prosecution. 59 M.J. at 857.

The lower court relied on Military Rule of Evidence 505(h)(1) [hereinafter M.R.E.] as the basis for requiring Appellant to submit a request through trial counsel for approval to discuss classified information with his defense counsel. Id. at 854-55, 857. M.R.E. 505 is a rule of evidence which enables the Government to assert a privilege against disclosure of classified information. The rule also authorizes limited disclosure under subsection (g)(2) and restrictions on

3

disclosure through the use of protective orders under subsection (g)(1). The rule applies both when the defense seeks to obtain information from the Government and when the defense intends to disclose classified information in connection with a court-martial.

The lower court erred in failing to recognize that M.R.E. 505(h)(1) applies only when the defense seeks classified information from the Government or when the defense has determined that it reasonably expects to disclose classified information in the course of a proceeding. The rule does not come into play when the defense is making a preliminary evaluation of the evidence it already possesses to determine what evidence, if any, it may seek to disclose as part of the defense. The rule requires notice to trial counsel and contemplates litigation before the military judge -- an exercise that requires sophisticated legal judgments, evaluation of defense tactics, appropriate procedural devices, and skilled legal advocacy. The rule does not require an accused, without benefit of his own counsel, to engage in adversarial litigation with opposing counsel as a precondition to discussing with defense counsel potentially relevant information which the accused already has personal knowledge of based on his prior authorized access as part of his military duties.

4

United States v. Schmidt, No. 04-8016/AF

The Government may establish appropriate procedures to protect its interests in restricting access to classified information pursuant to statutes, rules, and regulations. See, e.g., Dep't of Defense, Regulation 5200.1-R, Information Security Program (January 1997).  The Government must also respect the important role of the attorney-client relationship in maintaining the fairness and integrity of the military justice system.  Now that civilian defense counsel has been granted an appropriate security clearance, we are confident that the military judge can take appropriate action to protect the Government's interest in restricting disclosure of classified information in a manner that respects the right of an accused servicemember under the Sixth Amendment and Article 27, UCMJ, 10 U.S.C. § 827 (2000), to the effective assistance of counsel in preparing a defense.  See United States v. King, 53 M.J. 425 (C.A.A.F. 2000)(mem.).

### DECISION

The decision of the United States Air Force Court of Criminal Appeals is vacated, and the ruling of the military judge is reversed.  The stay on the trial proceedings imposed by this Court is lifted, and the case is remanded to the military judge for further consideration consistent with this opinion.

5